**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4501**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

       v.

LINWOOD CLIFTON WOOD,

              Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern.  James C. Dever III, Chief District Judge.  (2:11-cr-00036-D-1)

Submitted:  January 29, 2013          Decided:  February 15, 2013

Before DAVIS and KEENAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Sue Genrich Berry, BOWEN AND BERRY, PLLC, Wilmington, North Carolina, for Appellant.  Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Linwood Clifton Wood appeals his convictions after pleading guilty to conspiracy to distribute and possess with intent to distribute cocaine and cocaine base ("crack"), in violation of 21 U.S.C. § 846 (2006), and possession of a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2006), and his sentence of 228 months' imprisonment. Wood's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious issues for appeal but questioning whether trial counsel was ineffective. We affirm.

Although Anders counsel suggests that Wood's trial counsel was ineffective for failing to correct the court's misstatement at sentencing referring to the length of the narcotics conspiracy, claims of ineffective assistance of counsel are generally not cognizable on direct appeal unless the record clearly demonstrates ineffectiveness. We conclude that the record does not establish such here. United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006); see also United States v. King, 119 F.3d 290, 295 (4th Cir. 1997) ("[I]t is well settled that a claim of ineffective assistance should be raised in a 28 U.S.C.[A.] [(West Supp. 2012)] § 2255 motion in the district court rather than on direct appeal, unless the record

conclusively shows ineffective assistance.") (internal quotation marks omitted). We therefore decline to review this claim.

Although Wood did not file a timely pro se supplemental brief after being advised of his right to do so, he filed a motion to include a supplemental claim on appeal. Although we grant Wood's motion, we conclude that his argument is without merit. Wood asserts that he was erroneously classified as a career offender. Our review of the record proves otherwise.

In accordance with <u>Anders</u>, we have reviewed the record and have found no meritorious issues for appeal. Accordingly, we affirm the district court's judgment. This court requires that counsel inform Wood, in writing, of the right to petition the Supreme Court of the United States for further review. If Wood requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Wood.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3